IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Rebecca Groves and Jonathan Hadden, ) | | |
| ) | C/A No. 8:12-3329-TMC | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | **OPINION & ORDER** | |
| ) | | |
| AT&T Mobility, LLC, ) | | |
| and Communications Workers ) | | |
| of America and Communications ) | | |
| Workers of America, Local 3702, ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

Plaintiffs Rebecca Groves ("Groves") and Jonathan Hadden ("Hadden") (collectively "Plaintiffs") filed this action against Defendants AT&T Mobility, LLC ("AT&T"), Communications Workers of America ("CWA"), and the Communications Workers of America Local 3702 ("Local 3702") (collectively "Defendants") as a hybrid action pursuant to § 301 of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. § 185. This matter is before the court on Plaintiffs' Motion for Summary Judgment as to liability (ECF No. 48); Defendants' Motion for Summary Judgment (ECF No. 49); and Plaintiffs' Motion to Strike Summary Judgment Exhibits (ECF No. 51). Responses and replies to the motions have been filed (ECF Nos. 50, 52, 53, 54, 58, 59), and a hearing was held on the motion on May 8, 2014.

**I. Background/Procedural History**

Most of the facts in this action are undisputed. Plaintiffs began working for AT&T in 2008, with Groves joining the Union on June 3, 2010, and Hadden on May 4, 2010. On May 31, and June 2, 2012, Defendant AT&T terminated sixteen employees in the Southeast, including Plaintiffs, based upon poor sales for April and May 2012. Subsequently, AT&T questioned the reliability of the sales reports and decided to offer the terminated employees reinstatement, effective September 1, 2012, and a payment of $2500, or a payment of $5000 without reinstatement. The offer was

available until August 31, 2012. On August 22, 2012, AT&T contacted CWA and asked for assistance in contacting the terminated employees to extend the offer. CWA Representative Gerald Souder emailed the CWA Locals and asked that they contact the terminated employees. Plaintiffs, however, were not contacted. AT&T extended the deadline to accept the offer to September 28th, but Plaintiffs were still not contacted.

In October 2012, Plaintiff Groves learned of the offer after her former manager asked her if she had been contacted about the settlement. Groves contacted Plaintiff Hadden and they contacted AT&T's human resources department. At that point, AT&T decided reinstatement was no longer an option and offered the Plaintiffs $5,000 each. Plaintiffs, however, wanted to be reinstated. Plaintiffs attempted to file termination grievances, but were told they were too late as the collective bargaining agreement ("CBA") requires that a grievance be filed within 45 days of the grievable event. Plaintiffs then filed this action on November 20, 2012. Subsequently, AT&T offered Plaintiffs reinstatement which they accepted, and they returned to work for AT&T in March 2013. AT&T was dismissed from this action on July 29, 2013.

## II. Standard of Review

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving

2

party, disposition by summary judgment is appropriate." *Monahan v. Cnty. of Chesterfield*, 95 F.3d 1263, 1265 (4th Cir. 1996).

### III. Discussion

In their Second Amended Complaint, Plaintiffs contend that AT&T terminated them without just cause in violation of the CBA and that CWA and Local 3702 breached its duty of fair representation to Plaintiffs by failing to inform them of AT&T's error regarding the termination and offer of settlement. (ECF No. 18 - 2nd Am. Compl. ¶¶ 19, 21-25).

#### A.  Plaintiffs' Motion to Strike Summary Judgement Exhibits (ECF No. 51)

Plaintiffs have moved to strike portions of Gerald Souder and Les Powell's affidavits. (ECF No. 51). Defendants oppose the motion.  The court declines to strike any exhibits.  However, the court will exclude any improper exhibits in considering summary judgment issues without formally entering an order striking them.  *See, e.g., Williams v. Computer Scis. Corp.*, No. 1:08-cv-41, 2010 WL 3395293, at *4 (M.D.N.C. Aug. 23, 2010) (unpublished) (Sharp, M.J.) ("[T]he Court will not strike these exhibits but will consider them only to the extent that they comply with Fed.R.Civ.P. 56(c)(2)."). Accordingly, Plaintiffs' Motion to Strike is denied.

#### B. Summary Judgment Motions

Plaintiffs have filed a motion for summary judgment as to liability (ECF No. 48) and Defendants CWA and Local 3702 filed a motion for summary judgment on the grounds that 1) Plaintiffs failed to file a grievance within 45 days of the complained of action; and 2) the CWA and Local 3702's failure to contact Plaintiffs regarding the settlement was not a breach of the duty of fair representation  (ECF No. 49).  Additionally, Defendants argue that punitive damages are unavailable for any breach of duty of fair representation.  And finally, CWA argues that Local 3702's conduct cannot be attributed to CWA.

Section 301 of the LMRA creates a federal avenue of relief for breach of a CBA.  Because a union is often the exclusive bargaining agent of the employees and most CBAs include a mandatory

3

grievance procedure, employees are usually required to first attempt to resolve their § 301 claims through the union via the CBA's grievance procedure. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 163-64 (1983). A hybrid § 301 claim arises when the union representing the employee in grievance proceedings in regard to the employer's alleged CBA violation acts "in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *DelCostello*, 462 U.S. at 164. Specifically, a hybrid suit is comprised of two causes of action - one against the employer for breach of the CBA and one against the union for breach of the union's duty of fair representation. *Id*. at 164-165 ("[T]he two claims are inextricably interdependent. 'To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.'") (citations omitted).

In a hybrid § 301 action, the claims against the employer and union are interrelated - the employee is alleging that the employer violated the CBA and the Union did not fulfill its duty to grieve the violation of the CBA. To show that a union breached its duty of fair representation, an employee must show that the union recklessly disregarded the employee's rights, was grossly deficient in its representation, or otherwise acted arbitrarily, discriminatorily, or in bad faith in handling the employee's grievances. *Thompson v. Aluminum Co. of Am.,* 276 F.3d 651, 657 & n. 5 (4th Cir. 2002).

Plaintiffs brought this action as a hybrid §301 action, but failed to allege the Union breached a duty of fair representation in regard to any grievances Plaintiffs argue only that the Unions failed to timely notify them of the settlement before it expired. Plaintiffs fully acknowledge that the majority of § 301 cases involve grievances. Nevertheless, they contend that the actual articulated standard merely requires a breach of the CBA and a breach of the duty of fair representation.

However, the very purpose of a hybrid § 301 action is to allow an employee to enforce his rights under a CBA when the union has failed to adequately fulfill its duty to the employee. *Grant*

4

*v. United Fed'n of Teachers*, 2014 WL 978444, *9 (E.D.N.Y. 2014). The Supreme Court recognized this in *DelCostello*, 462 U.S. 163, when it held that it would be an unacceptable injustice for the union representing the employee in the grievance/arbitration procedure to act in a discriminatory, dishonest, arbitrary, or perfunctory fashion and prevent an employee from exhausting his claims against the employer. *See also Vaca v. Sipes*, 386 U.S. 171, 185-86 (1967) (recognizing the injustice that would be committed if employees were limited to the exclusive remedial procedures provided for in the collective bargaining agreement when a union breached its duty in handling an employee's grievance).

As Plaintiffs have failed to allege or establish that the Defendants breached their duty so as to prevent Plaintiffs from exhausting their claims under the CBA against AT&T, the court finds that Plaintiffs cannot establish the elements necessary for a hybrid § 301 action against the Defendants. Accordingly, Defendants are entitled to summary judgment.

## IV.  Conclusion

Based on the foregoing, Plaintiffs' Motions to Strike (ECF No. 51) and for Summary Judgement (ECF No. 48) are **DENIED**; and Defendants' Motion for Summary Judgment (ECF No. 49) is **GRANTED**.

**IT IS SO ORDERED.**

                                        s/Timothy M. Cain
                                        United States District Judge

Anderson, South Carolina
August 1,  2014